SARAH D. CHAPIN vs. PARIS HILL et als.

A husband by will made certain provisions for his wife, declaring them to be in " lieu of her dower or other interest in my estate," and, after making the will, acquired other real estate. The widow having elected to accept the provisions of the will; *held*, that she was barred of her dower in the after-acquired estates, and that a letter of the testator enclosed with his will, was inadmissible to show a contrary intent.

THIS was an action of Dower. The husband of the plaintiff, after making for her, certain provisions by will, bequeathed the remainder of his property in trust for his children, and declared that the devises and bequests to his wife were " to be in lieu of her dower or other interest in my estate." The plaintiff, having elected to accept these provisions, brought this action for dower in certain real estate, which belonged to her husband and which was purchased by him subsequent to the date of his will. A letter of the testator, enclosed with the will, was offered in proof to show, that he did not intend to bar his wife of her right of dower in the after-acquired estates.

F. E. HOPPIN, for the plaintiff, contended, that a bequest in lieu of dower in particular lands, will bar dower in those lands alone ; and, therefore, the question here is, whether the provisions in this will were in lieu of dower in the estate which the testator had at the date of the will and in that only. That the provisions do not affect subsequently acquired estates is plain, because :

*First*, this will, by express statute, has no operative force upon real estate acquired by the testator after its

execution ; unless such after-acquired real estate is, by the express terms of the will, devised. (Rev. Stat. 1844, sec. 7, p. 232 ; sec. 1, p. 231 ; sec. 14, p. 242.)

It is admitted that this after-acquired real estate is not devised " by the express terms of this will." It stands precisely as if the testator had died intestate. It descends directly to his heirs and is affected by the widow's right of dower, unless her right is expressly taken away. If the will cannot speak the testator's intention as to this real estate, to place it in the hands of the trustees for the benefit of the children, it cannot be made to speak his intention to deprive the widow of her right of dower in this property.

*Second*, the language of the bequest shows his intention to provide for his wife in lieu of her dower in his *then real estate*. The words " my estate," mean " my present estate." It is precisely as if he had given her a provision in lieu of dower in certain specified lands, leaving other lands in regard to which he made no provision, and to which she would, undoubtedly, still retain her right of dower. Can the testator have intended to make a provision in lieu of his wife's right in property, which by the statute is not affected by the will ?

The testator's letter, enclosed with the will, supports the plaintiff's view of the case. It says : " having purchased a lot and store on South Water street of Mrs. Wetmore, since the date of my will, she (his wife) will derive more income from that property, than what will be required to carry out above requests," (referring to his request that she would repair his tomb and lot, &c.) The defendants do not wish to exclude this letter, unless its admission will violate some rule of construction. The general rule is, that the language of the will is to

govern, and that no evidence *dehors* the will, is admissible, when this language is free from ambiguity. (1 Jarman on Wills, p. 349 and notes.) But, in construing a will, the Court seeks to place itself in the position 'of the testator in reference to the property devised and the persons to whom it is devised. (2d Jarman on Wills, p. 742. Wigram on Wills, p. 64, 77, 175, 176, 10, 14. 1 Jarm. p. 349 and notes. 15 Pick. 400. 1 Philips, Ev. p. 547.) Under this principle, this evidence is admissible.

Although the word dower means " *abstractly,*" a widow's rights in all the real property possessed by the husband during their intermarriage, its signification may be varied by the connection in which it is used, and may be limited to one parcel or two parcels of the testator's estate, or to all, as he may see fit.

TILLINGHAST & BRADLEY for the defendants.

The plaintiff rests her case—

*First,* upon the ground, that, by statute, the will does not affect real estate acquired subsequent to the date of the will, unless such subsequently acquired real estate is by express terms devised. The difficulty with this ground is, that the testator did, by express terms, bar the widow's right in this property, by making a provision for her in lieu of dower. The plaintiff admits the abstract or legal meaning of the term dower, so that we come at once to the will. Do the words that follow the term dower in the will, qualify its meaning ? The terms are " in lieu of dower or other interest in my estate." The natural construction of this language is to apply the words " in my estate," to the term *interest ;* which is without such qualification, unmeaning. The testator speaks of dower —there, one idea is complete and full—then adds, " or

Sarah D. Chapin *vs.* Paris Hill et als.

other interest in my estate," adding, by that clause another idea, in addition to that expressed by the single word " dower." The phrase is moreover descriptive of the widow's interest in the testator's personal property, equivalent to the phrase sometimes used " power of thirds." Dower is her interest in the real estate ; the next phrase describes another interest, which the testator wished to bar, as well as that of dower. This shows yet more plainly, that it was not used as a qualification of the word " dower." But, if they do qualify the term dower, do they change its meaning ? Do not the words, " dower in my estate," mean dower in all the estate to which the term dower would be legally applicable, when the instrument in which the words were used, came to have force and validity.

In regard to the introduction of evidence *dehors* the will, according to the established rules of law, when the language of the will speaks plainly the intent of the testator, his meaning cannot be sought elsewhere in loose memoranda and informal papers. Here the ambiguity, necessary to direct the mind of the Court elsewhere, is not found, even by forcibly disjoining the words " in my estate," from their natural connection. The language of the will determines the right of the parties under it. The words " in lieu of dower," have a fixed significance. A will using those words, gives their meaning to the Court as the intention of the testator. If his intention changes, it does not alter the rights of the parties under the will, unless the will is changed. Here, there is no legal or actual proof of such change.

The opinion of the Court was delivered by HAILE, J.
The plaintiff in this action of dower, claims to recover

her dower in certain real estate described in her declaration, whereof her late husband, Amory Chapin, was seized, as an estate of inheritance at a time during his intermarriage with her, and as to which he died intestate.

She is therefore entitled to recover her dower under the first section of an act relating to dower and the assignment thereof, (Rev. Stat. 1844, p. 188,) unless she is barred of her dower. under the thirteenth section of that act, p. 191 ; which provides, " if any estate, real or personal, be conveyed by deed, or the same be devised or bequeathed for the jointure of the wife in lieu of her dower, to take effect in her own possession immediately on the death of her husband and to continue during her life, or in fee determinable by such acts only as would forfeit her dower at common law, such conveyances shall bar her dower of the residue of the lands, tenements and hereditaments, which her said husband at any time possessed." And this statute provides, that the widow may, at her election, waive her jointure and demand her dower ; provided the same be done in writing within twelve months after the probate of the will, if there be one, and if not, within twelve months after the granting letters of administration on her deceased husband's estate.

The plaintiff's husband by his last will and testament made provision for his wife, and therein declared, that the devises and bequests to his wife were " to be in lieu of her dower or other interest in my estate."

The plaintiff accepted of this provision in her husband's will in lieu of her dower, and did not waive it, as she might at her election under the statute.

The question therefore to be decided upon this state of facts, is whether the plaintiff is, by accepting this provision in her husband's will, barred from recovering her

Sarah D. Chapin *vs.* Paris Hill et als.

dower in the demanded premises, which were not devised in said will, and as to which her husband died intestate.

This must be determined by a fair and sensible construction of this will, and a reasonable application of this statute to this provision by the testator for his wife in lieu of her dower.

The rule of construction unquestionably is, that the intention of the testator must govern, when that intention can be legally carried out.

The testator's language should not only receive a sensible interpretation, but should be construed with reference to his whole will, and to the subject matter relative to which he speaks.

When he uses terms and words of clear and definite import, and which also have a technical and legal meaning, it is reasonable to presume that he understood the meaning of the words which he used, and that he intended that these words should be understood according to their technical and legal meaning. If he had intended that they should carry a different import, it may fairly be supposed, that he would have limited, varied or applied them so as that they should convey a different import, and express a different intention. If he had intended that the provision in his will for his wife should be in lieu of her dower in a particular estate, or only in the real estate which he then possessed, it is but reasonable to suppose that he would so have expressed his intention.

Although the testator's will could not operate on real estate, by him acquired after its execution, unless such real estate was expressly devised by the will; yet, in

ascertaining the intention of the testator, it should be borne in mind, that he was making provision for his wife in lieu of her right of dower in his estate, the extent of which right could only be determined at the death of the testator.

The word dower is unambiguous ; it has a fixed, definite, and legal meaning ; and it is determined by statute to apply to and extend to all the lands, tenements and hereditaments, whereof the husband, or any other to his use, was seized of an estate of inheritance, at ¡any time during the intermarriage, to which the wife shall not have relinquished her right of dower by deed ; except in cases provided for in the thirteenth section of said act.

The right of dower, therefore, is an inchoate right, which can be rendered definite and certain only by the act of the wife and the death of the husband. In the absence of all other evidence, therefore, to show a different intention on the part of the testator, it is but reasonable to presume, that when he made provision in his will for his wife, "to be in lieu of her dower in his estate," he intended her right of dower in all his estate, in the technical and legal acceptation of that term.

This phraseology is not qualified or limited by any other words in the will. For the words which follow, ("or other interest in my estate,") cannot certainly be reasonably construed to limit the legal meaning of the words, "her dower ;" but must be construed to apply to all contingent interest, which the plaintiff might have in her husband's estate.

It was contended, that the provisions in this will in lieu of dower, applies only to the real estate which the testator had at the date of his will; because, the testator

did not by express terms, devise real estate to be there-after acquired. The fallacy of this reasoning must be apparent, when we consider that it does not apply to the whole subject matter in its full extent. This provision of this will for the plaintiff, was intended to be in lieu of her dower in her husband's estate. The will, at its date, vested in her no absolute right, only a contingent right ; even the certainty and extent of which, depended on the death of her husband and her acceptance of this bounty, in lieu of an inchoate right, the extent of which, would be determined and rendered certain by law and her own election, on the death of her husband.

The language of the testator in relation to this clause in his will being clear and his intention definitely expressed, and there being no ambiguity in it, the testator's letter, inclosed with his will, cannot be admitted as evidence to explain his intention as expressed in his will ; or, to control or alter the will. It has none of the legal requisites of a testementary devise ; and it cannot alter, enlarge or diminish, the rights of parties, under the will.

If this be the true construction of this clause in this will, then, the only remaining question is, whether the plaintiff by accepting this provision in her husband's will, in lieu of dower, is barred of her claim of dower in the demanded premises ? Upon this point, we are clearly of opinion, that her claim of dower is barred by the provisions of the thirteenth section of said act. The provisions of this section are as broad as the provisions of the first section, which gives and determines the right of dower.

By accepting this provision in her husband's will, and by not waiving it, as she might have done at her election, and demanding her dower within the time provided

by this section, she is, by the express terms of the statute, barred of her dower of the residue of the lands, tenements and hereditaments, which her said husband at any time possessed.